## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between AmericanWork, LLC ("Defendant"), on the one hand, and Ardra Harris ("Plaintiff"), on the other hand. Together, Defendant and Plaintiff are referred to as the "Parties."

## RECITALS

WHEREAS, on May 21, 2020, Plaintiff filed a lawsuit captioned *Ardra Harris v. AmericanWork, LLC formerly known as Americanwork, Inc.*, Case No. 1:20-cv-00094-(WLS), in the U.S. District Court for the Middle District of Georgia against Defendant (hereinafter, the "Litigation");

WHEREAS, in her Complaint, Plaintiff asserted a claim for failure to pay proper overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, on June 26, 2020, Defendant filed an Answer to Plaintiff's Complaint;

WHEREAS, at all times, Defendant has vigorously denied, and continues to deny, any wrongdoing in connection with the claims asserted in the Litigation;

WHEREAS, in order to avoid the costs and uncertainty of litigation, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each Party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

**1.      Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiff and her counsel a total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Payment"). Defendant shall deliver the following checks to Plaintiff's counsel as set forth in this Agreement:

(a)     One check made payable to Ardra Harris, in the amount of Seven Thousand Dollars and Zero Cents ($7,000.00), less all appropriate taxes and withholdings, to represent settlement of her claim(s) for alleged unpaid wages. Defendant will issue an IRS W-2 Form for this amount.

(b) One check made payable to Ardra Harris, in the amount of Seven Thousand Dollars and Zero Cents ($7,000.00) to represent settlement of her claim(s) for non-wage damages. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

(c) One check made payable to Charles R. Bridgers, Atty LLC, in the amount of Eleven Thousand Dollars and Zero Cents ($11,000.00) to represent Plaintiff's attorneys' fees and other costs. Four Hundred and Eighty Five Dollars and Zero cents ($485.00) of the foregoing amount represents Plaintiff's attorneys' costs. Defendant will issue an IRS Form 1099 for this amount specifically checking box 14 "Gross proceeds paid to an attorney."

Plaintiff and her counsel agree to provide Defendant the requisite tax identification numbers and other information, including an executed W-9 form from Plaintiff's counsel, as requested by Defendant, to execute the Settlement Payment. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party.

2. **Taxes.** The Parties shall be solely responsible for, and are legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by them to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Defendant does not make any warranty or representation to Plaintiff or her counsel regarding the tax consequences of the Settlement Payment—including, but not limited to, the treatment of certain monies as non-wage damages.

3. **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that they shall execute a copy of this Agreement, and file a Joint Motion to Approve Settlement Agreement (along with a proposed order and executed copy of this Agreement) within five (5) business days of the execution of this Agreement by all Parties. Such motion shall seek judicial approval of the Agreement and dismissal *with prejudice* all of Plaintiff's claims against Defendant. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit. The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiff's and counsel's right to the Settlement Payment.

4. **Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be delivered to Plaintiff's counsel the later date of: (1) thirty (30) days following execution of this Agreement; or (2) ten (10) days following the the judicial approval of this Agreement and dismissal of the Litigation *with prejudice*. Defendant shall send all checks to DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 101 Marietta Street NW, Suite 2650, Atlanta, Georgia 30303.

5.  **Release.**  In exchange for the consideration described herein, Plaintiff, on behalf of herself and her heirs, successors, agents, and all other related persons or entities, hereby unconditionally and irrevocably release, remise and forever discharge Defendant, its heirs, successors, agents, insurer(s), and any subsidiary, parent, affiliate, and successor companies, of and from any and all claims Plaintiff brought or could have brought under the Fair Labor Standards Act, including but not limited to minimum wage, overtime pay, unpaid wages or compensation, retaliation, liquidated damages, interest, attorney's fees, costs, and equitable or injunctive relief.

6.  **No Outstanding or Known Future Claims/Causes of Action.**  Plaintiff affirms that she has not filed with any governmental agency or court any type of action, report, or complaint against Defendant (other than the Litigation), and currently knows of no existing act or omission by Defendant that may constitute a claim or liability excluded from the release in Paragraph No. 5 above.

7.  **No Admission of Liability.**  The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful or unlawful activity. Defendant specifically disclaims and denies any liability to Plaintiff or that it engaged in any wrongful, tortious or unlawful activity.

8.  **Covenant Not to Sue.**  A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court. It is different than the releases contained in Paragraph No. 5 above. Plaintiff agrees not to sue Defendant, its heirs, successors, agents, insurer(s), its former, current, and future related companies, divisions, subsidiaries, affiliates, and parents, as well as its former, current, and future, directors, officers, members, employees, agents, and representatives (collectively, "Released Parties") in any forum for any claim covered by the waivers and releases of Paragraph No. 5. If Plaintiff violates this Agreement by suing the Released Parties, Plaintiff shall be liable for reasonable attorneys' fees and other litigation costs incurred in defending such a lawsuit. This Paragraph shall not apply if Plaintiff sues to enforce the terms of this Agreement or for a breach of this Agreement.

9.  **Rights and Claims Excluded from Waivers and Releases.**  This Agreement does not waive any rights that cannot be waived by law, such as worker's compensation claims and unemployment benefits

10.  **No Future Employment Relationship between the Parties.**  Plaintiff agrees to never seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with Defendant or its current and future affiliated companies. Plaintiff further agrees that Defendant shall have no obligation to engage her services in any capacity (*e.g.,* as an employee, independent contractor, temporary employee, or consultant) in the future and that any application or request for employment or work may be denied solely based on Plaintiff's breach of this provision of the Agreement.

**11.    Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph Nos. 5 and 8 above, but not a Party, are third-party beneficiaries of this Agreement.

In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. In any action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover and award of all costs of litigation and attorneys' fees reasonably incurred in obtaining a judgment enforcing this Agreement.

**12.    Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

**13.    New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**14.    Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

**15.    Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**16.    Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

**17.** **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**18.** **Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**19.** **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**20.** **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

| **Ardra Harris** | **AmericanWork, LLC** |
|---|---|
| Signature: [DocuSigned signature] EE5588442BB94BA... | Signature: _____ |
| Date: 1/8/2021 | By (Print): _____ |
| | Title: _____ |
| | Date: _____ |

17.     **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

18.     **Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

19.     **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

20.     **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

**AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.**

| **Ardra Harris** | **AmericanWork, LLC** |
|---|---|
| Signature: _____ | Signature: *Joyce A. Montes* |
| Date: _____ | By (Print): Joyce A. Montes |
|  | Title: General Counsel |
|  | Date: 1/8/2021 |