IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ARDRA HARRIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:20-CV-00094 (WLS) |
| | : |
| AMERICANWORK, LLC, formerly | : |
| known as AmericanWork, Inc., | : |
| | : |
| Defendant. | : |

**ORDER**

Before the Court is the Parties' "Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice" (Doc. 14), to which the Parties have filed an amended Settlement Agreement and Release pursuant to the Court's prior order. (Doc. 16-1.) Upon thorough review of the amended Settlement Agreement, and for the following reasons, the Court accepts and approves the amended settlement. The Parties' joint motion (Doc. 14), as amended (Docs. 16 & 16-1), is **GRANTED**.

**I.   Background**

Plaintiff Ardra Harris brought this action alleging that she "regularly worked more than 40 hours per week[]" and that "Defendant failed to compensate Harris at one-and-one-half times her regular hourly rate for all time worked in excess of forty (40) hours during each workweek." (Doc. 1 ¶ 1.) Plaintiff sought damages for Defendant's failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and attorney's fees and costs. (Doc. 1.) After a scheduling and discovery order was entered, the Parties submitted a settlement agreement, asking the Court to approve the agreement and dismiss this action with prejudice. (Doc. 14.)

Upon review of the initial settlement agreement, the Court noticed the Parties of its concerns with the lack of showing of the reasonableness of the legal fees totaling approximately 42% of the settlement amount and of the broad general release and non-disparagement clause, which courts in this district have refused to approve. (Doc. 15.) The

Court ordered the parties to supplement and/or amend the settlement agreement, and the Parties timely filed a supplemental response, an amended Settlement Agreement, and an attorney declaration showing the reasonableness of the legal fees to be awarded. (Docs. 16, 16-1, 16-2.)

**II.  Discussion**

Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354-55 (11th Cir. 1982).[1] Judicial review is required because FLSA was meant to protect employees from substandard wages and oppressive working hours and to prohibit the contracting away of their rights. *Id.* at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "District courts [] are accorded discretion in deciding whether to approve settlement agreements." *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013).

In determining whether a compromise of alleged FLSA violations is fair, a court should consider whether the employee was advised by counsel, whether the negotiations were fair and at arm's length, and whether the agreement appears to be a reasonable compromise and fair to the employee.[2] *See Lynn's Food Stores*, 679 F.2d at 1354. Generally, when considering a proposed settlement, there is a strong presumption in favor of approving the settlement because it represents the parties' own compromise based on the judgment of counsel. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977).[3] Here, the Parties agree that Plaintiff's claims under FLSA are still in dispute. (Doc. 14 ¶ 9.) Both Parties were represented by counsel throughout this action and state that their agreement includes a payment to Plaintiff of "the

---

[1] *See also* 29 U.S.C. § 216(b)-(c).
[2] Some courts also consider the factors used in approving the settlement of class actions: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *3-4 (M.D. Fla. Dec. 21, 2006) (quoting *Leverso v. SouthTrust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). Consideration of these factors also indicates that the amended settlement agreement here is reasonable.
[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding all Fifth Circuit precedent prior to October 1, 1981).

full amount of alleged back wages owed plus an additional amount for alleged liquidated damages." *Id.* ¶ 6. Plaintiff's counsel is also receiving "less than approximately 89% of the actual fees incurred in the litigation of this action." *Id.* ¶ 6.[4]

The Court has reviewed the amended Settlement Agreement. In the amended Settlement Agreement executed on January 8, 2021, Plaintiff has agreed to release her claims against Defendant with prejudice in exchange for Defendant's payment of $25,000 to Plaintiff and her counsel, as follows: $7,000 to Plaintiff as unpaid wages, $7,000 to Plaintiff as liquidated damages, and $11,000 to Plaintiff's counsel (which includes $485 for the attorneys' costs). (Doc. 16-1 at 1-2.) Thus, the attorneys' fees represent 42% of the total settlement amount. The Settlement Agreement also includes several clauses, including a release of "any and all complaints Plaintiff brought or could have brought under the Fair Labor Standards Act." *Id.* ¶ 5. Plaintiff agrees that this is a fair and reasonable compromise. (*See* Doc. 14 ¶ 9 & Doc. 16.)[5] The Parties also ask that the Court retain jurisdiction to enforce the Settlement Agreement. (Doc. 14 at 3; Doc. 16 at 3.) The Court finds that the $25,000 settlement amount and the FLSA release are reasonable and a fair compromise in all respects.

Additionally, to encourage private enforcement of statutory rights under the FLSA "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam) ("The district court ha[s] a duty to review the compromise of [plaintiff's] FLSA claim and to award a reasonable attorney's fee to [plaintiff's] counsel."). District courts should especially scrutinize the reasonableness where the Parties have simultaneously negotiated the attorney's fees with the damages award. *Grimes v. Se. Rests. Corp.*, No. 1:12-CV-150 (WLS), 2013 U.S. Dist. LEXIS 123344, at *8-9 (M.D. Ga. Aug. 29,

---

[4] Plaintiff's counsel states that the amount is now lower given the supplemental briefing they filed. (Doc. 16 at 3.)

[5] The Parties replaced the mutual general release of "any and all complaints, actions, suits, charges . . . against Defendant arising out of or relating to Plaintiff's employment relation with . . . Defendant from the beginning of time through the date of this Agreement." (Doc. 14-1 ¶ 5.) The Parties also deleted the non-disparagement clause. *Id.* ¶ 10.

3

2013) (citing cases). The burden is on the party seeking fees to produce "specific and detailed evidence" demonstrating the reasonableness of the requested amount. *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1303 (11th Cir. 1988). "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." *Id.* at 1301 (citation omitted). When a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, courts generally utilize the lodestar method to compute the appropriate fees. *Norman*, 836 F.2d at 1298–99 (citations omitted). But "[t]he reasonableness of an award can of course depend on many factors," and district courts have discretion to consider any relevant factor. *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 915 (11th Cir. 2018)

Plaintiff's counsel has now supplemented the record with a declaration showing that the attorneys and paralegals who worked on this matter incurred approximately $14,000 in fees and expenses and expended a total of 49.56 hours through the date of filing the supplemental declaration and amended settlement agreement. (Doc. 16-2.) Upon reviewing the docket, the Court finds counsel's requested fees to be reasonable considering the time required to conduct research for and file the case, engage in discovery, and negotiate the settlement agreement. In light of the work involved, the Court finds that 49 hours is not an excessive, redundant, or otherwise unnecessary amount, and the Court has no reason to conclude that the fees sought have reduced Plaintiff's award in any way. *See* Doc. 16 at 2 (counsel asserting that "[t]he amount of attorney's fees sought have no relationship to the amount of Plaintiff's back wage and liquidated damage award."). Furthermore, dividing the actual fees incurred by the number of hours expended yields an average hourly rate of approximately $270/hour, which is a reasonable rate in this district for a seasoned attorney.[6]

---

[6] Plaintiff's lead counsel has also shown his extensive experience in FLSA cases, which further supports the fee award. Although Plaintiff's counsel argues that the senior attorney's rates of $425 are consistent with prevailing market rates in the Atlanta, Georgia area, the relevant geographic market for this case is the Albany, Georgia area, where prevailing market rates are lower. The "relevant market" is generally "the place where the case is filed." *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999); *see also Bullard v. 4d Foods*, No. 5:17-CV-102 (CAR), 2018 U.S. Dist. LEXIS 237703, at *4 (M.D. Ga. Jan. 24, 2018) (finding, in a FLSA case, that "$350 is high for an hourly rate in the Middle District of Georgia" and unreasonable and ordering the parties to supplement or amend the settlement

Moreover, Plaintiff's award includes the amount of unpaid wages she is actually owed plus liquidated damages in an equal amount. Courts often find such agreements reasonable. *See, e.g.*, *Wood v. City of Cordele*, No. 1:12-CV-131 (WLS), 2014 U.S. Dist. LEXIS 40699, at *2 (M.D. Ga. Mar. 27, 2014) (approving FLSA settlement agreement based on the supplemental filings of counsel and where "the settlement amount includes both back pay and liquidated damages"); *Grimes v. Se. Rests. Corp.*, No. 1:12-CV-150 (WLS), 2013 U.S. Dist. LEXIS 123344, at *9 (M.D. Ga. Aug. 29, 2013) (approving FLSA settlement agreement where there was "no indication that the award of attorney's fees and costs reduced Plaintiff's recovery" and plaintiff received back pay and an equal amount of liquidated damages"); *Stokes v. Gulf Distrib. Co. of Mobile, LLC*, No. 17-0443-WS-M, 2018 U.S. Dist. LEXIS 65897, at *7-8 (S.D. Ala. Apr. 19, 2018) (approving attorney's fee in FLSA case because there was no indication that it "adversely impact[ed] the plaintiff's recovery"). Applying the law to the facts here, the Court finds that the amended Settlement Agreement and Release (Doc. 16-1) is reasonable.

## CONCLUSION

Having considered the Joint Motion (Doc. 14) and finding the amended Settlement Agreement and Release (Doc. 16-1) to be fair, the Parties' motion (Doc. 14) is hereby **GRANTED** consistent with this Order. The amended Settlement Agreement and Release (Doc. 16-1) incorporated herein is **APPROVED**. This action is hereby **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction solely for the purpose of enforcing the terms of the amended Settlement Agreement and Release (Doc. 16-1).

**SO ORDERED**, this 29th day of January 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

agreement); *cf. Weissman v. Williams*, No. 1:15-CV-40 (WLS), 2018 WL 9439689, at *2–4 (M.D. Ga. Aug. 28, 2018) (reducing Atlanta law firm partner's hourly rate from $560 to $350 in a fraud case in Albany).